UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00091-HBB

**CARL E. MOORE**                                                                       **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

BACKGROUND

Before the Court is Defendant's motion[1] (DN 19) to alter or amend the judgment entered on March 14, 2018 (DN 15). Defendant argues the judgment should be amended because there are clear errors of law in the Court's evaluation of whether substantial evidence supported the step five finding of the Administrative Law Judge (ALJ) (DN 19). Defendant seeks entry of judgment in her favor and dismissal of Plaintiff's complaint (DN 19-1). Plaintiff has responded (DN 20), and this matter is ripe for review. For the reasons that follow, the Defendant's motion is denied.[2]

STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion

---

1 Brought pursuant to Fed. R. Civ. P. 59(e) (DN 19).

2 Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).

1

under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (rehearing and suggestion for rehearing en banc denied Jul. 26, 1999) (internal citations omitted). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such motions should be granted sparingly. U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1998).

DISCUSSION

Waiver

Defendant claims that her fact and law summary included an argument that Plaintiff had waived his objection to the vocational expert's testimony by failing to raise it during the administrative hearing (DN 19 PageID # 696-98). Defendant contends that the Court's unfavorable ruling on her "waiver" argument was clearly erroneous in light of established case law within the Sixth Circuit (DN 19 PageID # 696-98 citing Lyon v. Comm'r of Soc. Sec., No. 1:11–cv–1104, 2013 WL 1149967 at *4 (W.D. Mich. March 19, 2013) (citing Hammond v. Chater, 116 F.3d 1480 (table), 1997 WL 338719 at *3 (6th Cir. June 18, 1997) (plaintiff waived objections to jobs identified by the vocational expert by failing to raise them during the hearing); see also Beinlich v. Comm'r of Soc. Sec., No. 08–4500, 345 Fed. App'x 163, 168–69 (6th Cir. Sept. 9, 2009) (plaintiff's counsel had the obligation to "bring out any conflicts with the" DOT, and failure to do so will not now provide a basis for relief.)).

The Court will begin by observing that Defendant did not present such a "waiver" argument in her fact and law summary (*compare* DN 19 PageID # 696-98 *with* DN 13 PageID #

2

651-52). The argument actually set forth in Defendant's fact and law summary was based on Social Security Ruling 00-4p and the ALJ's duties thereunder. Defendant's argument, in its entirety, read as follows:

> Notably, despite Plaintiff counsel's objections to the vocational expert's testimony, she was present at the administrative hearing and failed to raise any such concerns. (Tr. 69) Indeed, Plaintiff's counsel did not make any cross-examination of the vocational expert. (Tr. 69) Under such circumstances, the ALJ was under no duty to conduct further interrogation of the vocational expert. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in SSR 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.").

(DN 13 PageID # 651-52).

This is why the Court responded to Defendant's argument with the following analysis:

> The purpose of this policy ruling is to emphasize that before deciding whether a vocational expert's testimony supports a disability determination, Administrative Law Judges must identify and obtain a reasonable explanation for any conflicts between the occupational evidence provided by the vocational expert and information in the DOT, including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000); Martin, 170 F. App'x at 374. In Martin, the Sixth Circuit was addressing a conflict between the vocational expert's testimony and the Specific Vocational Preparation ratings (SVPs) of two positions identified in the DOT. 170 F. App'x at 374. Here, the Court is not dealing with a conflict between occupational evidence provided by the vocational expert and information in the DOT. Instead, the Court is dealing with the reliability of the vocational expert's evidence in light of his dependence on three occupational descriptions in the DOT that were nearly 29, 35 and 37 years old. SSR 00-4p's plain language demonstrates why it is inapplicable to this situation. The Agency published the Ruling to address conflict between the DOT and vocational experts, not to remedy obsolete and therefore incorrect information in the DOT itself. As a result, the Court concludes that

> Defendant's attempt to rebut Plaintiff's argument with SSR 00-4p
> and the holding in Martin, 170 F. App'x at 374 is misguided.

(DN 14 PageID # 672-73).

Thus, it would appear that Defendant is attempting to use her present motion to present a "waiver" claim that she failed to raise in her fact and law summary. However, the Sixth Circuit has instructed that a Rule 59(e) motion to amend or alter a judgment should not be used "to raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Therefore, the Court concludes that Defendant cannot use her Rule 59(e) motion to raise this "waiver" argument that she could, and should, have been made in her fact and law summary. Additionally, Defendant has not demonstrated that the Court made a clear error of law when it concluded that her attempt to rebut Plaintiff's argument with SSR 00-4p and the holding in Martin, 170 F. App'x at 374 was misguided.

O*NET

Additionally, Defendant contends the Court made a clear error of law when it (1) presumed "that O*NET qualifies as a source of 'reliable job information' for purposes of the Social Security disability determination process, and (2) [found] "that the ALJ was required to cross-check the vocational expert's testimony against O*NET" (Id. PageID # 698-702). In support of her position, Defendant relies on SSR 00-4p and an accusation that the Court cited no authority requiring an ALJ to test a vocational expert's testimony against O*NET (Id.). Further, Defendant asserts that the agency has declined to use O*NET for disability determination because it is

intended for "career development and exploration purposes" (Id. citing Content Model and Classification Recommendations for the Social Security Administration Occupational Information System, at pp. 7-9, Sept. 2009[3]).

The Court applied a common sense approach to the contested jobs, and, as in numerous other cases before numerous other courts, found the jobs identified in the DOT appeared vulnerable to obsolescence in light of more current job information in O*NET (DN 14 PageID # 675-683). The Court reversed the final decision of the Commissioner, and remanded for additional consideration because the vocational expert's testimony did not appear to be substantial evidence to support the ALJ's finding that prior to April 1, 2015, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering his age, education, work experience, and residual functional capacity (Id.). This approach was consistent with that of the Sixth Circuit Court of Appeals in Cunningham v. Astrue, 360 F. App'x 606, 615-16 (6th Cir. 2010).

Moreover, the Commissioner's attempt to characterize the Court's ruling as something novel, does not square with the SSA's own publications. The DOT was last updated in 1991. Dictionary of Occupational Titles (4th Ed., Rev.1991), *available at* http://www.oalj.dol.gov. It is impossible not to know that the occupational landscape in the United States has been dramatically and permanently transformed since then by the proliferation of automation, computers, and the internet. Moreover, the SSA has been working since 2008 to address issues with the DOT. On December 9, 2008, then Commissioner Michael J. Astrue established the Occupation Information Advisory Panel (OIDAP) to provide independent advice to the Administration on forming an

---

[3] https://www.ssa.gov/oidap/Documents/FinalReportRecommendations.pdf

occupational information system (OIS) for SSA's disability programs and adjudicative needs.[4] The OIDAP solicited public comment and made recommendations. Now, the SSA is well into the development of its own OIS that is intended to keep current by regularly incorporating updated information through the use of a data collection process called the Occupational Requirements Survey (ORS).[5] The OIS is scheduled to be online by 2020[6]. Further, while the agency may have deemed O*NET unsuitable for disability adjudications[7], the Sixth Circuit recognized that it is a helpful resource in assessing whether jobs identified in the DOT appear vulnerable to obsolescence. *See* Cunningham, 360 F. App'x at 615-16.

As alluded to above, this is not the first court to appreciate the issue. In Read v. Commissioner, the Magistrate Judge found other grounds for reversal, but nonetheless engaged in a lengthy discussion of the DOT's shortcomings, cited favorably to Cunningham, and noted that the SSA itself is well aware that portions of the DOT are obsolete. No. GJH-15-2684, 2016 WL 2610117, *5 (D. Md. May 6, 2016) (report and recommendation). In a published decision, Judge Posner wrote for the Seventh Circuit Court of Appeals "[i]f the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs." Herrmann v. Colvin, 772 F.3d 1110, 1113 (7th Cir. 2014). In Coulter v.

---

4 Occupational Information Advisory Panel, https://www.ssa.gov/oidap/, (last visited May 9, 2018).

5 Social Security Online - Occupational Information System Project, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last visited May 9, 2018).

6 Id.

7 Occupational Information System Project, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last visited May 9, 2018).

Colvin, Magistrate Judge King, guided by the Sixth Circuit's reasoning in Cunningham, remanded the case back to the Commissioner for further proceedings because the DOT descriptions for security camera monitor, sorter, and fishing reel assembler appeared to be obsolete and were not listed in O*NET. No. 1:13-CV-00011-LLK, 2013 WL 3992445, *1-2 (W.D. Ky. Aug. 2, 2013) (citing Cunningham, 360 F. App'x at 615-16). Thus, while the Commissioner attempts to paint Cunningham as an unpublished one-off, the Sixth Circuit's reasoning was subsequently echoed by no less than Judge Posner in a published opinion. This is a sufficient judicial endorsement to comfort the Court in its reasoning and support a conclusion that the original order does not compel reconsideration.

"To summarize, the sky is not in fact falling." Johnson v. Berryhill, No. 4:16-CV-00106-HBB, 2017 WL 4542228, at *2 (W.D. Ky. Oct. 11, 2017). The prior order did nothing more or less than rely on the unpublished Sixth Circuit opinion in Cunningham to observe that the ALJ should have been sensitive to the fact that the DOT entries identified by the vocational expert may be outdated (DN 14 PageID # 675-683). *See* Cunningham, 360 F. App'x at 615-16. The Court then noted that common sense suggested the occupations of mail clerk (DOT # 209.687-026), sorter (DOT # 529.687-186), and small products assembler (DOT # 706.684-022) may well be much different than they were when the DOT last updated those job descriptions 29, 35, and nearly 37 years ago, respectively (Id.). Now, the Court notes that the SSA has publically acknowledged the DOT's vulnerability to obsolescence and has mounted an enormous effort to ensure that ALJs, at some point in the future, will have access to reliable occupational information. This further bolsters the Sixth Circuit and Judge Posner's conclusions, and the Court concludes that Defendant has not demonstrated a clear error of law.

7

ORDER

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment (DN 19) is **DENIED**.

Copies:      Counsel